# JOHN A. CLUSSMAN, RESPONDENT, v. THE LONG ISLAND RAILROAD COMPANY, APPELLANT.

*Railroad company — liability of, for approaches to telegraph office operated by it.*

A railroad company having a telegraph office in one of its stations for the use of the public, is responsible to one of its passengers, who is injured solely because of the company's negligence in failing to keep in proper condition the structure or platform erected by them, over which the passenger, in alighting from the cars, must pass to reach the telegraph office.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The complaint alleged that the plaintiff, while traveling on the defendant's railroad, alighted from the cars of the defendant at Medford station, upon the platform adjoining said station belonging to and in charge of defendant. That said platform was out of repair, and was so carelessly and negligently kept by said defendant that one of the planks thereof, not being properly fastened and supported, turned under the foot of the plaintiff, and thereby the ankle of the plaintiff was violently wrenched and sprained, so that plaintiff was thereby seriously injured, bruised and wounded, etc.

*A. J. Vanderpool* and *Robert S. Green*, for the appellant.

*T. E. Tomlinson, Jr.*, for the respondent.

BRADY, J.:

The plaintiff was injured while going from the defendant's car over one of their station platforms, to send a telegram from an office in the station. It appeared on the trial that they employed the operator, but that the business was joint in some respects. The receipts from the public were divided between them and the Western Union Telegraph Company, although in what proportion does not appear. The Western Union Telegraph Company were not, however, under any obligation to keep the station in repair in any respect whatever.

They placed the instrument and connecting wires in the station, of which they occupied so much as might be necessary for that purpose.

The telegraph was for the use of the public, including of course the passengers carried by the defendant, and they were invited by the receipt of telegrams for rapid transit, to go to the operator in the station when they desired to avail themselves of the privilege thus afforded them.

The use of the platform or structure of the defendant, therefore, by a passenger seeking to engage the operation of the telegraph is one which they ask him to make for their own benefit, and they become thus insurers against loss of life, limb or health, arising from such use, if guilty of negligence, and the person injured is free from any degree of negligence contributing to the injury received. The principles enunciated in the case of *Hurlbert* v. *New York Central Railroad* (40 N. Y., 145) are applicable to this case.

The rule thus declared would seem to be appropriate, if a stranger walking over the platform of the defendant to the operator's room or department, was injured through their carelessness.

They invite each person to employ the telegraph they have thus placed within his reach, and to which he cannot have access without traversing the path which they have prepared for him.

He has a right to rely upon the safety of the structure, and the defendant should see to it that it is as he believes it to be. The indifference to the safety of limb and life which signalizes so many of our public enterprises must be condemned, and the persons engaged in them held to strict accountability. If this be not done the people will be subjected to even greater dangers than exist, and which are avoided in other countries by a proper regard for human safety. The indifference suggested seems to increase in the same ratio that its danger is enlarged, and it would seem to be true, that as the necessity for security becomes more apparent the indifference seems to be magnified. The examination of the platform of a station at stated periods, a comparatively insignificant service in the amount of labor to be bestowed, would enable the company to avoid actions like this, in which the result, however successful to the suitor, rarely compensates him for the pain, suffering and loss, which make up the total of his injuries.

This appeal presents the single question discussed because the others are all involved in it. The proposition which is now

designed to be stated is this, namely: that a railroad company, having a telegraph in one of its stations open to the public, is responsible to one of its passengers who is injured through their negligence alone, while going to it over their structure or platform, by which it is made accessible. And it follows that the passenger is not to be prevented from a recovery, save where he has by some act of his contributed to the injury received. In this case there was no negligence on the part of the plaintiff, but the benefit of such an element, if it existed, was given to the jury by the charge. The judgment should, therefore, be affirmed.

The law as expounded is in harmony with the principles of natural justice and equity, and should prevail. The damages were not excessive.

Judgment affirmed.

DANIELS, J., concurred. DAVIS, P. J., concurred in the result.

Ordered accordingly.